Núm. 8131.—Luce & Company, S. en C., aplda. *v.* Santiago, aplte.—C. D. Ponce. Junio 18, 1941.

POR CUANTO, el demandado apelante radicó su escrito de apelación en el caso arriba expresado el 5 de mayo de 1938 y a su instancia le fueron concedidas por la corte inferior siete prórrogas para la radicación de la transcripción de evidencia, en las siguientes fechas:

1. En 4 de junio de 1938—treinta días;
2. En 5 de julio de 1938—treinta días;
3. En 3 de agosto de 1938—treinta días;
4. En 3 de septiembre de 1938—seis meses;
5. En 1ro. de marzo de 1939—seis meses;
6. En 31 de agosto de 1939—seis meses;
7. En 1ro. de diciembre de 1939—dos meses.

POR CUANTO, la séptima prórroga anteriormente mencionada venció el 29 de enero de 1940 y el 16 del mismo mes la demandante apelada solicitó la desestimación del recurso, alegando que la apelación no había sido proseguida con la debida diligencia;

POR CUANTO, con fecha 6 de febrero de 1940 la referida moción de la apelada fué declarada sin lugar;

POR CUANTO, el demandado apelante continuó solicitando prórrogas en la corte inferior, concediéndosele las siguientes:

8. En 29 de enero de 1940—dos meses;
9. En 28 de marzo de 1940—dos meses;
10. En 25 de mayo de 1940—dos meses;
11. En 23 de julio de 1940—dos meses;
12. En 20 de septiembre de 1940—dos meses;
13. En 22 de noviembre de 1940—tres meses.

POR CUANTO, el 6 de febrero de 1941 la demandante apelada solicitó por segunda vez la desestimación del recurso por el fundamento expuesto en su anterior moción, alegando entonces el demandado apelante lo siguiente:

"Que los motivos del taquígrafo que actuó en la vista del caso para no haber radicado la transcripción de la evidencia dentro de las prórrogas concedidas por la corte inferior, venciendo la última en 25 de febrero de 1941, son de que dicho taquígrafo, actuando por orden de la corte inferior, estuvo durante un año preparando el récord taquigráfico, a solicitud del Gobernador de Puerto Rico, del caso criminal núm. 6493, *El Pueblo v. Luis Castro Quesada y otros,* por asesinato, y que, posteriormente, se enfermó dicho taquígrafo y estuvo con licencia debidamente concedida, hasta fines de junio de 1940; que al volver a tomar posesión de su cargo, dicho taquígrafo ha tenido que asistir a las sesiones de la Corte de Distrito de Ponce y además ha estado preparando las transcripciones de la evidencia en otros casos..."

POR CUANTO, esta segunda moción de desestimación fué resuelta el 19 de marzo de 1941, declarándose también sin lugar, pero imponiendo esta corte la siguiente condición:

"...que si en el término improrrogable de sesenta días el taquígrafo Sr. Cruz Montero no ha radicado ante la corte inferior la transcripción de la evidencia solicitada en este caso, la apelación será desestimada, si así lo solicita la demandante apelada."

POR CUANTO, el término improrrogable de sesenta días habría de vencer el 18 de mayo de 1941 y a pesar de ello el demandado apelante, lejos de cumplir con la orden de la corte o exponer razones por las cuales debiera ampliarse dicho término, recurrió ante la corte inferior en solicitud de una prórroga de cuarenta y cinco días que habría de vencer mucho después de expirado el término improrrogable concedídole por esta corte;

POR CUANTO, la demandante apelada ha radicado una tercera moción solicitando la desestimación del recurso, alegando el demandado en oposición a dicha moción que el 9 del actual el taquígrafo radicó en la Secretaría de la Corte de Distrito de Ponce la transcripción de evidencia, la que aún no ha sido aprobada por dicho tribunal;

POR TANTO, vistos los autos de este caso y el artículo 59 del reglamento de este tribunal, se declara con lugar la moción de la demandante apelada radicada en 26 de mayo de 1941, y en su consecuencia se desestima el recurso.

Los siguientes casos fueron desestimados por abandono:

Núms. 7881, 8010, 8137, 8143, 8197, 8201, 8202, 8203, 8231, 8234, 8258, 8264, 8265 y 8267.

### (c) FRIVOLIDAD DE RECURSOS